AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**

September 03, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:24-cr-00435-2 |
| Ranesha Stanley | ) | |
| *Defendant* | ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
(i) a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above <u>with respect to risk of danger to the community</u>, and detention is ordered on that basis.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Government met its burden to prove that Defendant Ranesha Stanley should be detained pending trial even if she had rebutted the presumption favoring her detention.  The weight of the evidence is significant, and it indicates that Defendant committed armed robberies of Family Dollar Store locations on March 12, 2023 and May 30, 2022.  Defendant confessed to perpetrating both robberies, she identified herself as the perpetrator shown in surveillance footage of the March 12 robbery, and she was further implicated by co-defendants in both robberies.  The complainants who were working at Family Dollar on March 12 also identified Defendant as the perpetrator who pointed a gun at one complainant and demanded money.  Moreover, Defendant's own mother was the complainant at the Family Dollar store who identified Defendant as the perpetrator of the May 30, 2022 robbery where the suspect brandished a firearm at employees and demanded cash from the store's safe.

The pending federal charges are not the first such violent crimes on Defendant's record, as she was convicted of aggravated robbery in 2018 and received a three-year term of imprisonment.  In addition, Defendant confessed to robbing yet another Family Dollar on February 28, 2022, an offense with which he has yet to be charged.  Defendant's repeated commission of dangerous offenses shows, by clear and convincing evidence, that her release would pose a danger to the community.

Defendant's history and conduct also evinces that she would pose an unacceptable risk of non-appearance.  Her record includes two prior instances of failing to appear in 2017 and 2021 on state court charges for a firearms-related misdemeanor and a misdemeanor theft charge, respectively.  Her incentive to flee is even greater here, given the possibility that her conviction would result in at least two, mandatory consecutive 7-year sentences for brandishing a firearm, on top of the term of incarceration for the robberies themselves.  Indeed, by her own admission Defendant left for Nevada in an attempt to avoid law enforcement after media had publicized her image from the surveillance footage of the March 12, 2023 robbery.

Defendant argued that the fact she was arrested aboard an aircraft upon returning from Nevada evinces that she does not pose a risk of non-appearance.  But there was no indication that her return was anything but mere happenstance.  The evidence also weighs against Defendant's contention that requiring her to live with her mother and submit to GPS monitoring would provide adequate safeguards.  According to the Government, Defendant's mother is partially complicit in the May 30, 2022 robbery because the mother was working at the Family Dollar store, received a call during which she was warned that Defendant and a co-defendant were coming to rob the store, and did nothing to alert the staff or law enforcement of the impending crime.  At the very least, the inability of Defendant's mother to dissuade her daughter from committing the crime makes it unreasonable to think she has sufficient influence to ensure that Defendant would comply with any potential terms of release.

Notably, too, Defendant violated then-existing conditions of release by committing the string of robberies in 2022 and 2023 while she was out on bond for a 2021 theft charge.  Her disregard for basic restrictions by committing new, serious, and

AO 472 (Rev. 11/16) Order of Detention Pending Trial

dangerous offenses undermines the likelihood that she would abide by any conditions fashioned to protect the public and ensure her appearance in this case.

Accordingly, it is **ORDERED** that Defendant Ranesha Stanely be **DETAINED** pending trial.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _September 3, 2024_ _____

_____
United States Magistrate Judge